Filed 8/19/14  P. v. Martinez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRISTIAN MARTINEZ,<br><br>    Defendant and Appellant. | B255305<br><br>(Los Angeles County<br>Super. Ct. No. LA076723) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie A. Dunn and Susan M. Speer, Judges.  Affirmed.

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on February 27, 2014, charged Cristian Martinez with two counts of possession for sale of a controlled substance (Health & Saf. Code, § 11351) (counts 1 and 3) and one count of transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) (count 2).

The charges were based on evidence presented at a preliminary hearing. According to that evidence, on January 29, 2014, two officers noticed a green Ford being driven back and forth in an area known as a call and deliver narcotics location and believed that the driver was "more than likely a narcotics buyer[] waiting on a narcotics delivery." A white Honda approached and followed the Ford to a nearby location. The officers thought a narcotics transaction was about to take place. As the officers exited their vehicle to make contact with the driver of the Honda, the driver of the Ford sped away. The driver of the Honda, identified as Martinez, did not have a driver's license. In response to questions from the officers, Martinez said he did not have narcotics or weapons in the vehicle, but the officers could "'check.'" The officers recovered "a black tar-like substance resembling heroin and U.S. currency" "from a hidden compartment in the center of the dash of the vehicle." The currency totaled $3,500. The officers then obtained written consent from Martinez to search a residence. There, they discovered a black tar-like substance resembling heroin, as well as additional currency, pay and owe sheets and a digital scale. Two baggies recovered from the vehicle contained 12 large bindles totaling 248.83 grams of heroin and 11 large bindles totaling 226.46 grams of heroin. A baggie recovered from the residence contained seven plastic bindles totaling 175.70 grams of heroin.

Martinez withdrew his initial plea of not guilty and entered a no contest plea to the transportation charge in count 2. Pursuant to the plea agreement, the trial court imposed the low term of three years in county jail and dismissed counts 1 and 3. Martinez filed a notice of appeal based on the denial of his motions under Penal Code section 1538.5 to suppress the evidence seized from his car and under Penal Code section 995 to dismiss the charges based on an illegal search of his car.

We appointed counsel to represent Martinez in the matter.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On May 19, 2014, we directed counsel to immediately send the record on this appeal and a copy of the opening brief to Martinez and notified Martinez by letter that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider.  We did not receive a response from him.[1]

We have reviewed the entire record on appeal.  Before the preliminary hearing, Martinez made a motion pursuant to Penal Code section 1538.5 to suppress the evidence seized from his car, contending his affirmative response that the officers could "check" did not amount to consent to "search" the vehicle.  The trial court (Judge Leslie A. Dunn) denied the motion, stating that the word "check" did not "entail[], necessarily, just a visual inspection and here the officer saw the dashboard to be in a modified state, so they had a reason to go behind the dashboard.  It wasn't rummaging . . . . They, in my opinion, they got permission from [Martinez] to inspect the car for guns or drugs, and [Martinez] certainly didn't say, 'You may only look, you may not touch,' and I'm not sure if their use of the word check implies that it was limited to visual . . . ."

After the filing of the information, Martinez renewed his request to suppress the evidence through a motion under Penal Code section 995 to dismiss the charges against him.  The trial court (Judge Susan M. Speer) again rejected suppression of the evidence, concluding that, "given the totality of the circumstances, it appears to be a freely and voluntarily given agreement by [Martinez] to check . . . and/or to search the vehicle, especially since [the officers] saw additional probable cause that the dashboard appeared

---

[1]     The letter was sent to Martinez at his address of record in this Court.  The letter was not returned as undeliverable.  Martinez's counsel indicated in the declaration attached to his *Wende* brief that he wrote to Martinez at his address of record "explaining [his] evaluation of the record on appeal and [his] intention to file [the *Wende* brief]. Unfortunately, the mail was returned because [Martinez] was turned over to the I.N.S. and will be, if he has not been already, deported."  Martinez has not provided this Court with any update to his address of record.

3

to have been modified in some way and then later on he gave a full consent to [search] his residence even after they'd recovered contraband inside the vehicle, which would further suggest to me that he gave it consensually."

Given the findings, no error is presented by the denial of Martinez's motions pursuant to Penal Code sections 1538.5 and 995. (*People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1408 ["Whether the search remained within the boundaries of the consent is a question of fact to be determined from the totality of circumstances. [Citation.] Unless clearly erroneous, we uphold the trial court's determination"]; see *People v. Ramos* (1972) 25 Cal.App.3d 529, 536 [substantial evidence supported that consent to search bedroom in residence was freely given when officer asked "'Is it all right for us to look around?'" and defendant replied, "'Sure, man. Go ahead'"].) Based on our analysis of the record, we are satisfied that Martinez's appointed counsel on appeal has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.                    MILLER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4